## NORTHERN DEPARTMENT— WESTERN DIVISION.
## SEPTEMBER TERM, 1896.

### EDWIN A. McMATH v. J. B. BEAL.
#### No. 66.

ACCOUNT—*Pleading and Practice.* The correctness of an account, set up by the defendant in an action against the plaintiff, is not admitted by the failure of the plaintiff to deny the same under oath, when the correctness of such account is not alleged in the answer.

MEMORANDUM.—Error from Gove district court; S. J. OSBORN, judge. Action by J. B. Beal against Edwin A. McMath on an account. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed September 12, 1896, states the material facts.

*E. A. McMath*, plaintiff in error, for himself.

*R. C. Jones*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On June 17, 1892, the defendant in error recovered a personal judgment against the plaintiff in error for $131.77, and costs. This proceeding in error is brought to reverse that judgment. The defendant filed a verified answer to the petition, and therein set up several defenses, among which is the following:

"And further answering herein, the defendant alleges that at the time of the commencement of this action said plaintiff was and still is indebted unto this defendant in the sum of $408.46 upon account,

for services rendered by the defendant as an attorney and counselor at law for the plaintiff at plaintiff's request, and for counsel fees and retainers in certain suits pending or about to be started, and for expenses and disbursement of defendant made for and on behalf of the plaintiff in said suits and otherwise at his request, a particular statement of which, with the items thereof and the dates at or about which said services were rendered and moneys paid, appears in the annexed account marked 'Schedule A,' and made a part of this answer.  Defendant has in his said account allowed the plaintiff for all credits to which he is entitled, including the $80 mentioned in the fourth paragraph of this answer and rent mentioned in the sixth paragraph of this answer.  Defendant says that at the time of the commencement of this action there was due from said plaintiff on said account to this defendant, over and above all payments, credits, offsets, and counter-claims, the sum of $120.48, as shown by said account.  Defendant claims that the said sum of $408.46 should be set off against any amount which the plaintiff might otherwise be found entitled to recover herein, and that defendant should have judgment for the balance thereof, $120.48, against the plaintiff.''

To this answer is attached the ''Schedule A'' referred to in the answer.  The only question involved in this proceeding which merits consideration is the ruling of the court that the correctness of the account set forth in the ''Schedule A'' is put in issue by an unverified general denial.  Section 108 of the civil code reads as follows:

''In all actions, allegations of the execution of written instruments and indorsements thereon,  .  .  . or the correctness of any account, duly verified by the affidavit of the party, his agent, or attorney,  .  .  . shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent, or attorney.''

The correctness of the account set forth in "Schedule A" is not verified, unless the affidavit attached to the answer should be deemed such verification. This affidavit reads as follows:

"E. A. McMath, being duly sworn, says that he is the defendant in the above-entitled action; that he has read the foregoing answer by him subscribed, and knows its contents; that all the facts and allegations therein contained are true."

While it is alleged in the petition that the plaintiff is indebted to the defendant in the sum of $408.46 upon an account set forth in "Schedule A," and that allegation is properly verified, we are of the opinion that the essential requirement of the statute — that the correctness of the account itself should be verified — is wanting in this case. If the petition had alleged that such account was correct, the verification of that allegation would have been sufficient under the statute to have avoided the necessity of the defendant offering proof in support of the items therein charged against the plaintiff. We think the court properly ruled under the pleadings. It devolved upon the defendant to prove the correctness of the several items charged in "Schedule A," before the same could be allowed as a set-off to plaintiff's claim.

The judgment will therefore be affirmed.

All the Judges concurring.